UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUNIUS R. MORROW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-0929-CV-W-HFS-P |
| vs. ) | |
| ) | |
| KANSAS CITY POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, who currently is confined at the Jackson County Detention Center in Kansas City, Missouri, has filed *pro se* this civil action pursuant to 42 U.S.C. § 1983. Plaintiff has moved for leave to proceed *in forma pauperis* without the prepayment of court fees or costs. He has submitted an affidavit of poverty in support thereof. As set forth below, if Plaintiff wishes to proceed with this case, he first must pay an initial partial filing fee and file a superseding amended complaint on or before the deadline set forth below.

**I. Plaintiff must pay an initial partial filing fee.**

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the full $350.00 filing fee in this civil action. *See In re Tyler*, 110 F. 3d 528, 529-30 (8th Cir. 1997) (under Prison Litigation Reform Act, prisoners are responsible for filing fees the moment a civil action is filed). If granted leave to proceed *in forma pauperis*, Plaintiff is entitled to pay the filing fee over time through the payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and/or through periodic payments from Plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess and, when funds exist, collect an initial partial filing fee of twenty percent of the greater of the average monthly deposits or the average monthly balance in the prisoner's account for the six months immediately preceding the date

of the filing of a civil action.  Having reviewed Plaintiff's inmate account statement, Plaintiff will be required to pay an initial partial filing fee of $40.83 ($1,225.00 total deposits ÷ 6 months x 20 %).  ***If Plaintiff pays the initial partial filing fee and submits his superseding amended complaint as set forth below, the remainder of the $350.00 filing fee will be collected through automatic periodic deductions from Plaintiff's inmate account pursuant to § 1915(b)(2).***

**II. Plaintiff also must submit an amended complaint.**

Due to insufficiencies in Plaintiff's present complaint, in addition to paying the initial partial filing fee, Plaintiff must also file a superseding amended complaint as set forth below.  Plaintiff brings suit against the Kansas City Police Department, Detective Michael Wells, Prosecutor Stephan Hughes, and Officer Mahoney.  Doc. 1, p. 1.  Plaintiff alleges that, on August 24, 2016, police were dispatched to the scene of a robbery and assault where Plaintiff was the victim.  *Id*. at 3.  Plaintiff claims that he "was able to get the suspects' gun and secure it."  *Id*.  Plaintiff received "multiple injuries," including a gash in his head and a broken arm, and now suffers from memory loss.  *Id*.  Plaintiff claims that Defendant Mahoney "arbitrarily" decided to "falsefy [sic] reports" and asked on the dash cam "how he should write the report."  *Id*. at 5.  Under the section of his complaint asking him to state his legal theory, Plaintiff states that he brings suit for wrongful incarceration, deliberate indifference, a violation of his right to be free from unlawful search and seizure and, a violation of his due process rights.  *Id*. at 3, 5.  For relief, Plaintiff requests money damages.  *Id*. at 2.

"Liability under [42 U.S.C.] § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)).  A defendant must have been personally involved in the deprivation of a plaintiff's rights to be liable.  *Martin v. Sergeant*, 780 F.2d 1334, 1337 (8th Cir. 1985).  Furthermore, a plaintiff must plead more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" and must include "factual content" that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *See Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009).

While *pro se* claims are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519 (1972), Plaintiff's assertions in this case lack the requisite specificity. *See Ellingburg v. King*, 490 F.2d 1270, 1271 (8th Cir. 1974). Plaintiff does not present sufficient allegations of fact at this time that establish each Defendant's direct personal involvement in his federal claims. Plaintiff also does not allege Defendant's involvement in his injuries. At most, Plaintiff alleges that Defendant Mahoney falsified a police report and suggests that he was later acquitted of unspecified criminal charges, but those allegations are largely conclusory and are unsupported with what specific allegations Defendant Mahoney falsified and how that led to an illegal arrest on a charge for which he has subsequently been acquitted or to an unlawful search or seizure.

Furthermore, insofar as Plaintiff brings suit against the Kansas City Police Department, a municipal jail or sheriff's department is not a cognizable legal entity or person subject to suit under § 1983 but is simply a subdivision of local government. *See Ketchum v. City of West Memphis*, 974 F. 2d 81, 82 (8th Cir. 1992); *Diggs v. City of Osceola*, 270 F. App'x 469, at *1 (8th Cir. 2008). Insofar as Plaintiff brings suit against Defendant Hughes, prosecutors are absolutely immune from a suit for damages under § 1983 for alleged civil rights violations committed in "initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 424-27 (1976); *White v. Bloom*, 621 F.2d 276, 280 (8th Cir.), *cert. denied*, 449 U.S. 995 (1980), *cert. denied*, 449 U.S. 1089 (1981). Therefore, Plaintiff's present complaint fails to state a claim at this time.

Because Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will give him an opportunity to file an amended complaint in this action in order to clarify his claims. Consequently, Plaintiff will be directed to file an amended complaint in which he sets out sufficient facts to show exactly **who** is involved in his claims and **what** each individual defendant **specifically did or failed to do** in violation of Plaintiff's federally protected rights. In his amended complaint, Plaintiff should

3

Case 4:19-cv-00929-HFS   Document 5   Filed 12/04/19   Page 3 of 4

include all of his allegations against every Defendant he is suing in this case and must include each Defendant's individual actions in violating Plaintiff's federally-protected rights. Plaintiff should also explain any injuries he suffered as a result of any Defendant's actions. Plaintiff's amended complaint may not relate back to any of his previous pleadings and must contain all of his claims **in a single document.** Any claims or Defendants not specifically set forth in the amended complaint will be deemed to have been abandoned. If Plaintiff seeks to proceed with this case, he must pay the initial partial filing fee and file an amended complaint, or this case will be dismissed pursuant to Fed. R. Civ. P. 41(b) without further notice.

### III. Conclusion

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff is granted provisional leave to proceed *in forma pauperis*;

(2) Plaintiff shall pay to the clerk of the court for the Western District of Missouri, Western Division, an initial partial filing fee of $40.83;

(3) the Clerk of the Court is directed to send Plaintiff another set of civil rights forms for his use in filing an amended complaint;

(4) Plaintiff is directed to file a single superseding amended complaint, as specifically discussed herein; and

(5) Plaintiff's failure to both pay the required initial partial filing fee and amend as directed, on or before December 26, 2019, will result in the dismissal of this case without further notice.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Dated: December 4, 2019.